# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SRC LIQUIDATION, LLC [1]<br><br>Debtor. | Chapter 11<br><br>Case No. 15-10541 (BLS) |
| SRC Liquidation LLC,<br>                                Plaintiff,<br>v.<br><br>Defendants Listed on Exhibit 2,<br>                              Defendants. | Adv. No.: See Exhibit 2<br><br>Re: Docket Index: _____ |

## ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS WITH TOTAL IN CONTROVERSY GREATER THAN $75,000.00 BROUGHT BY SRC LIQUIDATION LLC PURSUANT TO SECTIONS 502, 547 AND 550 OF THE BANKRUPTCY CODE

Upon the *Motion for Orders Establishing Streamlined Procedures Governing Adversary Proceeding Brought by SRC Liquidation LLC Pursuant to Sections 502, 547 and 550 of the Bankruptcy Code*, (the "Procedures Motion")[2] dated June 9, 2016, filed by SRC Liquidation LLC (the "Plaintiff"), by and through its undersigned counsel, for entry of a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing streamlined procedures governing all adversary proceedings with total amount in controversy greater than $75,000.00 brought by Plaintiff under

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440. Inquiries regarding the Debtor should be directed to the GUC Trustee, c/o EisnerAmper LLP, 111 Wood Avenue South, Iselin, NJ 08830-2700 (Attn: Anthony R. Calascibetta).

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

sections 502, 547 and 550 of the Bankruptcy Code, which are identified in <u>Exhibit 2</u> annexed hereto (each an "<u>Avoidance Action</u>," collectively, the "<u>Avoidance Actions</u>"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefor, it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects; and it is further

**ORDERED**, the procedures governing all parties to the Avoidance Actions are as follows:

A. **Effectiveness of the Procedures Order**

   1. This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions.[3] To the extent a Party is subject to this Procedures Order as well as the Procedures Order covering those cases with an amount in controversy less than or equal to $75,000.00.00 in connection with another Avoidance Action, the Parties shall meet and confer to decide whether the actions should proceed under one procedures order or the other. If an agreement cannot be made, the parties may apply to the Court for resolution.

   2. This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such

---

[3] This Procedures Order pertains only to the Avoidance Actions identified in <u>Exhibit 2</u> annexed hereto. Additional avoidance actions filed by the Plaintiff related to the underlying bankruptcy cases, after entry of the Proposed Procedures Order, and which have a total amount in controversy greater than $75,000.00, shall be subject to the same conditions stated herein. The parties will file, under certification of counsel, a scheduling order which conforms to the same format but which contains extended deadlines as necessary

rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B.  Extensions to Answer or File Other Responsive Pleading to the Complaint**

3. The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

**C.  Waiver of Requirement to Conduct Scheduling Conference**

4. Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

**D.  Discovery and Mediation Schedule**

5. In accordance with Bankruptcy Rule 7026(a)(1), the disclosures required under such Rule (the "Initial Disclosures") shall be made by the later of 30 days after: (1) the date an answer to a complaint is filed in an Avoidance Action or (2) the Procedures Order is entered on the docket of this Court.

6. Except as set forth herein, all written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than October 15, 2016.

7. The parties to the Avoidance Actions shall have through and including January 15, 2017 to complete non-expert written fact discovery, <u>excluding</u> depositions of fact witnesses.

8. The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions. Responses to interrogatories are due 60 days after service.

9. The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information and Local Rule 7026-3, shall apply to the Avoidance Actions. Document production and responses to document requests are due 60 days after service.

10. The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions. Responses to requests for admission are due 60 days after service.

11. Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

12. Any open Avoidance Actions that have not been resolved and/or settled by January 16, 2017 (the "Remaining Avoidance Actions"), shall be referred to mediation. Upon mutual agreement of the parties to any Avoidance Action, mediation may be conducted prior to January 16, 2017.

13. Between January 16, 2017 and January 31, 2017, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") qualified to handle these types of Avoidance Actions and are listed on the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 (the "Mediator List"), attached to the Procedures Motion as Exhibit D. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting Plaintiff's counsel's paralegal, Laurie N. Miskowiec, in writing, via email at lmiskowiec@askllp.com or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

14. Once the mediator selection period closes and a Mediator is selected or assigned as provided in the previous paragraph, Plaintiff will file a notice of mediation indicating which mediator was selected and which party made the selection.

15. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflicts checks on the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation.

16. On February 1, 2017, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the mediator. Mediation will then be scheduled on a first-come, first-served basis.

17. Plaintiff will give at least 21 days written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be filed on the docket of such proceeding.

18. Within 7 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

19. All mediations of the Remaining Avoidance Actions must be concluded by July 15, 2017.

20. Should mediation fail to resolve a Remaining Avoidance Action, Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' case-in-chief experts, including Defendant's expert insolvency report, if any, shall be made to the adverse party within 30 days after the Mediator's Report is filed.

21. Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, and Plaintiff's insolvency report, if any, shall be made to the adverse party within 60 days after the Mediator's Report is filed.

22. Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, Defendant's insolvency rebuttal report, if any, shall be made to the adverse party within 90 days after the Mediator's Report is filed.

23. All fact and expert discovery, including fact and expert witness depositions, shall be concluded the earlier of 120 days after the Mediator's Report is filed or on November 15, 2017.

24. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

E. **Mediation Procedures and Requirements**

25. Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

26. The Mediators shall be required to file disclosures prior to the scheduling of mediation. Local Rule 9019-2(E)(iii)(B) shall apply.

27. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. At least *one counsel for each party and a representative of each party having full settlement authority* shall attend the mediation in person *except* that, a Mediator, in his or her discretion, may allow a party representative to appear telephonically, and except where the parties otherwise agree. **Any such request to appear telephonically must be made prior to ten (10) business days before the scheduled mediation date, or Defendant is deemed to waive such request.** To the extent a Mediator grants a party's request to appear telephonically, the requesting party is responsible for arranging for and paying any fees associated with teleconference services. Should a dispute arise regarding a Mediator's decision on whether to allow a party representative to appear telephonically rather than in person, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

28. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

29. The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

30. The parties must participate in the scheduling of mediation and mediation in good faith. If the mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the Mediation. Sanctions may include, but are not limited to, attorney's fees and costs and fees of the Mediator.

31. Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment being obtained against the Defendant or dismissal of the action. The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in the Procedures Order.

32. The fees of the Mediator shall be paid by the Plaintiff on a per case basis. The Mediator's fees shall be fixed as follows:

    (a) cases with a claim amount (as reflected in the complaint) of less than $250,000: $3,000.00 per case;

    (b) cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $4,000 per case; and

    (c) cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $6,000 per case.

33. In addition to the fixed fee, the Plaintiff shall pay the Mediator a $250.00 administrative fee upon acceptance of appointment. The Plaintiff shall then pay one-fourth of the Mediator's fee at least 7 calendar days before the commencement of mediation (the "Pre-Mediation Fee"). If the parties settle prior to mediation, the mediator must be informed of the settlement prior to 7 calendar days before the scheduled mediation, or the Pre-Mediation Fee is non-refundable.

34. Mediation that is continued for more than one calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by the Plaintiff.

35. Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time. The Mediator's fees will be based upon the combined total claim amount for all related Avoidance Actions.

36. Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator. The Mediator will direct the parties as to further instructions regarding the distribution parties of the mediation statements.

37. Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

38. The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under

the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, a Mediator may be called as witness by any party and may be compelled to testify and/or answer discovery on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

39. All proceedings and writing incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence. Local Rule 9019-5(d) shall apply.

F. **Avoidance Actions Omnibus Hearings**

40. The initial pretrial conference shall have been deemed to be held on July 27, 2016 at 10:00 a.m. (ET). Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to quarterly status conferences to be held on the omnibus hearing dates provided by the Court. All matters concerning any Avoidance Actions shall be heard only at status conferences before the Honorable Brendan L. Shannon (collectively, the "Avoidance Actions Omnibus Hearings"), at which there may be status conferences, final pre-trial conferences and hearings on motions, if any.

41. Defendants are not required to appear at any Avoidance Actions Omnibus Hearings unless: (a) a motion pertaining to the Defendant's Avoidance Action is calendared to be considered at the Avoidance Actions Omnibus Hearing; or (b) the Court has directed the Defendant to appear and Plaintiff has provided 5 days prior written notice by email, facsimile transmission or overnight courier to the Defendant or its counsel of its need to appear at an Avoidance Actions Omnibus Hearing. To the extent a Defendant in any Avoidance Action wishes to appear at an Avoidance Actions Omnibus Hearing, the Defendant or its counsel must notify Plaintiff's counsel of the same, in writing, 5 days prior to said hearing so that Plaintiff may properly prepare to address any issues or concerns at the Avoidance Actions Omnibus Hearing or in advance thereof.

42. Unless the Court orders otherwise, all motions, pleadings, requests for relief or other materials that purport to set a hearing on a date or time other than an Avoidance Actions Omnibus Hearing shall automatically, and without Court order, be scheduled to be heard at the next Avoidance Actions Omnibus Hearing that is at least 30 calendar days after such motion, pleading, request for relief or other materials are filed and served.

43. Plaintiff shall file a report one week prior to each Avoidance Actions Omnibus Hearing setting out the status of each of the Avoidance Actions and shall contemporaneously deliver a copy of the report to the Court's chambers.

44. If, after all discovery has been completed in an Avoidance Action, mediation has concluded but was not successful, the parties to the applicable Avoidance Action

shall so inform the Court at the next scheduled Avoidance Actions Omnibus Hearing. At such time, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish dispositive motion deadlines, a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

G. **Electronic Service and Filing of Motions**

45. Motions generally affecting Defendants in all Avoidance Actions may be filed in the main chapter 11 case, Case No. 15-10541 (BLS), rather than on the docket of each individual adversary proceeding.

46. Notices of Avoidance Action Omnibus Hearings, and any motions or other pleadings filed by the Trustee in or related to the Avoidance Actions may be served via email to those Defendants who have retained counsel, even if such counsel has not formally entered an appearance on the docket. Service by email to Defendant's counsel shall be effective as of the date such email is sent to the email address of counsel.

H. **Miscellaneous**

47. The Local Rules for the United States Bankruptcy Court for the District of Delaware shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

48. The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 25, 2016
Wilmington, Delaware

                                  HONORABLE BRENDAN L. SHANNON
                                  CHIEF UNITED STATES BANKRUPTCY JUDGE

# Exhibit 2

| Defendant Name | Adv Number |
|---|---|
| Admail West, Inc. | 16-50519 |
| Agfa Corporation dba Pitman Co. | 16-50824 |
| Allstate Paper Box Co. | 16-50520 |
| American Reprographics Company, L.L.C. | 16-50522 |
| Appvion, Inc. | 16-50525 |
| Ariba, Inc. | 16-50526 |
| Arlington Printing and Stationers, Inc. dba Apex Color | 16-50523 |
| Austell Natural Gas System aka Austell Gas System | 16-50662 |
| Bay State Envelope, Inc. | 16-50528 |
| Bestforms, Inc. | 16-50497 |
| Bradford & Bigelow, Inc. | 16-50533 |
| Broder Bros., Co. dba Alphabroder | 16-50521 |
| Business Stationery, LLC fdba Business Stationery, Inc. | 16-50498 |
| Carter Brothers Security Services, LLC | 16-50499 |
| Carter Brothers Technology Group, Inc. dba CB Tech | 16-50535 |
| Cenveo Corporation | 16-50500 |
| Cenveo Corporation dba Discount Labels | 16-50552 |
| Certon Technologies, Inc. dba Har Adhesive Technologies | 16-50757 |
| Cohber Press, Inc. | 16-50536 |
| Concur Technologies, Inc. | 16-50541 |
| Con-Real, LP | 16-50538 |
| Contingent Network Services, LLC | 16-50542 |
| Custom Index Inc. | 16-50543 |
| Customgraphix Printing Corporation | 16-50501 |
| Dayton Mailing Services, Inc. | 16-50546 |
| Delphax Technologies Inc. | 16-50548 |
| Developertown LLC | 16-50550 |
| Diversified Labeling Solutions, Inc. | 16-50502 |
| DRC, Incorporated dba The Ink Well | 16-50599 |
| Dupli-Systems, Inc. dba Imagemaker Graphics | 16-50596 |
| Dupli-Systems, Inc. dba Ohio Cut Sheet | 16-50557 |
| DXP Enterprises, Inc. | 16-50503 |
| EBSCO Industries, Inc. dba Vulcan Information Packaging | 16-50614 |
| Entrust Datacard Corporation fdba Datacard Corporation | 16-50544 |
| Envelope Solutions LLC | 16-50583 |
| Epsilon Data Management, LLC | 16-50584 |
| Flagship Press, Inc. | 16-50505 |
| FLEXcon Company, Inc. | 16-50506 |

| Defendant Name | Adv. Number |
| --- | --- |
| FormStore Incorporated | 16-50586 |
| Fruitridge Printing & Lithograph, Inc. | 16-50587 |
| General Marketing Solutions, LLC | 16-50588 |
| General Office Industries, Inc. dba Atlas General Office Industries | 16-50527 |
| Gigantic Color Incorporated | 16-50589 |
| Globus Printing and Packaging Company, Inc. | 16-50590 |
| Grupo Grafico De Mexico S.A. de C.V. | 16-50591 |
| Hawks & Associates, Inc. dba Hawks Tag | 16-50872 |
| HM Graphics Inc. | 16-50592 |
| Ideon, LLC | 16-50594 |
| Independent Printing Company, Inc. | 16-50597 |
| InfoSeal LLC | 16-50598 |
| Interstate Gas Supply, Inc. dba DPL Energy Resources | 16-50555 |
| J. Kemper Matt dba Dupli Envelope and Graphics | 16-50745 |
| JDS Graphics Inc. | 16-50507 |
| Jeff Lane dba PJ Printers | 16-50547 |
| JKM Trading Company dba Pro Towels Etc. | 16-50870 |
| Kirkwood Printing Company, LLC | 16-50605 |
| Knepper Press Corporation | 16-50606 |
| Lefavor Envelope Company | 16-50607 |
| Lightning Printing, Inc. dba Wallace Carlson | 16-50516 |
| Marvin Jacobs dba Ameritype | 16-50801 |
| Mastro Graphic Arts, Inc. | 16-50524 |
| MetLife, Inc. | 16-50532 |
| Metropolitan Group Property and Casualty Insurance Company dba Metlife Group Property and Casualty | 16-50685 |
| Nashua Corporation | 16-50797 |
| Nationwide Envelope Specialists, Inc. | 16-50534 |
| NetGain Information Systems Company dba Recovery Site Logistics | 16-50723 |
| Novitex Enterprise Solutions, Inc. | 16-50509 |
| Pacific Cascade Distribution, Inc. | 16-50537 |
| Paper Systems Incorporated | 16-50540 |
| Pat & Sam International, Inc. | 16-50709 |
| Peerless Insurance Company | 16-50545 |
| Peg-Master Business Forms, Inc. | 16-50821 |
| Pitney Bowes Inc. dba Purchase Power | 16-50564 |
| Polymeric Converting, LLC | 16-50549 |
| PPG Industries, Inc. | 16-50551 |
| Prepac Designs, Inc. | 16-50554 |

| Defendant Name | Adv. Number |
|---|---|
| PrintEdd Products, L.L.C. dba PrintEdd Products Dallas | 16-50558 |
| Printing Solutions of Kansas, Inc. | 16-50560 |
| Print-O-Tape, Inc. | 16-50556 |
| Privatizer Technologies LLC | 16-50561 |
| Pro Source, Inc. | 16-50562 |
| Progressive Printers, Inc. | 16-50563 |
| Quinn Flags, Inc. | 16-50565 |
| Raff Printing, Inc. | 16-50566 |
| Reg Oklahoma Acquisition, LLC dba SSI Technologies | 16-50620 |
| Repacorp, Inc. dba Repacorp Label Products | 16-50631 |
| Richard Eric McCarthey aka R. Eric McCarthey | 16-50568 |
| Roundtower Technologies, LLC fdba Roundtower Technologies, Inc. | 16-50570 |
| Rustic Label, Inc. | 16-50571 |
| San Mar Corporation | 16-50573 |
| Satori Software Inc. | 16-50574 |
| Schiele Graphics, Inc. | 16-50575 |
| Sentinel Capital Partners, L.L.C. dba RotoMetrics | 16-50569 |
| Shapco Printing, Inc. | 16-50580 |
| Simon Printing Company | 16-50601 |
| Solimar Systems, Inc.. | 16-50904 |
| Specialty Promotions, Inc. dba Specialty Print Communications fdba Batson Printing | 16-50510 |
| Spihnaker Coating, LLC fdba Spinnaker Coating Inc. | 16-50511 |
| Sweda Company, LLC | 16-50621 |
| SYNNEX Corporation | 16-50622 |
| T & B Promos, LLC | 16-50623 |
| Tape & Label Graphic Systems, Inc. | 16-50513 |
| Technicote, Inc. | 16-50624 |
| The Envelope Printery, Inc. | 16-50504 |
| The Magnet Group LLC dba Magnets 4 Media | 16-50611 |
| The Marietta Group LLC | 16-50612 |
| Thermo-Graphic, LLC | 16-50625 |
| Thornel Associates, Inc. | 16-50626 |
| TLF Graphics, Inc. | 16-50627 |
| Tobay Printing Co., Inc. | 16-50735 |
| Trade Printers, Inc. | 16-50514 |
| Turtle Ridge Media Group, Inc. | 16-50930 |
| United Envelope, LLC | 16-50629 |

| Defendant Name | Adv. Number |
|---|---|
| Universal Manufacturing Company dba Universal Printing and Manufacturing Company | 16-50515 |
| UPM Raflatac, Inc. fdba Raflatac, Inc. | 16-50567 |
| Vana Solutions LLC | 16-50630 |
| vCom Solutions, Inc. | 16-50613 |
| Verizon Communications Inc. fdba MCI WorldCom | 16-50529 |
| Victor Envelope Manufacturing Corporation dba The Envelope Express, Inc. | 16-50581 |
| Victor Printing, Inc. | 16-50934 |
| Walton & Co., Inc. | 16-50645 |
| Ward-Kraft, Inc. | 16-50615 |
| Wausau Coated Products, Inc. | 16-50616 |
| Wise Business Forms, Incorporated | 16-50617 |
| Wright Business Forms, Inc. dba Wright Enterprises Holding Co. and Wright Business Graphics | 16-50517 |
| Xerox Corporation dba BenefitWallet | 16-50530 |
| Zanec, Inc. | 16-50618 |